IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT T. TURNER,<br>Defendant. | Case No. 17–CR–40035–JPG |

# ORDER

Before the Court are Defendant Robert T. Turner's Motion for a New Trial, (ECF No. 67), and Motion for Return of Property, (ECF No. 69). The Government responded to the former but not the latter. (Resp. to Mot. for New Trial, ECF No. 68). For the reasons below, the Court **DENIES** both motions.

## I.   PROCEDURAL & FACTUAL HISTORY

In 2017, a federal grand jury indicted Turner for distributing at least 50 grams of methamphetamine. (Indictment 1–2, ECF No. 1).

> [The] investigation was conducted by the Illinois State Police Southeastern Illinois Drug Task Force and the Lawrence County Sherriff's Department. Confidential sources were used to purchase methamphetamine from Robert Turner in early 2017 using official advance funds. A search warrant was executed at his residence where . . . 239.34 grams of ice methamphetamine was discovered in various places . . . . Officers also discovered $4,789 in currency which contained $70 of pre-recorded official advance funds previously used to purchase methamphetamine by a confidential source, surveillance cameras, and drug paraphernalia.

(Presentence Investigation Report 3–4, ECF No. 35). He pleaded guilty, and the Court sentenced him to a 264-month term of imprisonment. (Judgment 1, 3, ECF No. 40).

## II.   MOTION FOR RETURN OF PROPERTY

As alluded to above, a judge in Illinois's Second Judicial Circuit Court issued a warrant to the Southeastern Illinois Drug Task Force to search Turner's mobile home. (Search Warrant 1, ECF No. 60–2). State and federal officers cooperated to execute the warrant, (Mot. for Return of Property at 1), and the seized evidence was "transported to the Illinois State Police/Zone 7 Investigations Evidence Vault," (Ill. State Police Investigative Report 1, ECF No. 60–4 at 3). Now Turner asks the Court to order the Illinois State Police to give back the money they seized from him under Federal Rule of Criminal Procedure 41(g). (Mot. for Return from Property at 1).

Rule 41(g)—formerly Rule 41(e)—provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). That said, "Rule 41(g) permits only the recovery of property in the possession of the Government." *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007); 3A Charles Alan Wright et al., Federal Practice And Procedure § 690 (4th ed. 2019) ("[A] motion for the return of property must be denied if the government does not possess the property."); *e.g.*, *United States v. Solis*, 108 F.3d 722, 722 (7th Cir. 1997) (affirming the denial of a then-Rule 41(e) motion because the Government did not possess the property and was thus "not the appropriate party which to request its return"). So even if the state's seizure of the property led to federal charges, Rule 41(g) is not the proper vehicle to seek the return of property in state custody. *See United States v. Price*, 841 F.3d 703, 707 (6th Cir. 2016).

Turner asked for his property back four times already. (First Mot. for Return of Property 1, ECF No. 58; Mot. for Order Directing Immediate Return of Property 1, ECF No. 59; Mot. for Order Directing Prosecutors to Provide Copy of Ex. 2, ECF No. 62; Mot. for Recons. 1, ECF

No. 65). The Court denied each request. (Memorandum & Order 1, ECF No. 64; Order 1, ECF No. 66). This time is no different.

As this Court has tried to explain several times, the property Turner seeks is held by the Illinois State Police—not the Federal Government. The Court cannot order the Government to return something that it does not have. For these reasons, the Court **DENIES** Turner's Motion for Return of Property. <u>If Turner files another motion here to obtain the seized property, then the Court will consider imposing a filing ban</u>.

### III.   MOTION FOR NEW TRIAL

Turner says he learned "[b]ased on recently obtained documents . . . that the informant used to establish his conduct unlawfully entered property owned by Clara Bird after being given notice by Clara Bird to not ever be physically present on any property owned by her in her absence." (Mot. for New Trial at 1). He asserts that "[i]t is a clear violation of one's privacy rights, under the 4th Amendment, to enter another's residence while equipped with a recording device and notice to the residents thereof." Turner thus argues that his "guilty plea was not entered knowingly, intelligently, or voluntarily, because the foregoing information was hidden from him and not revealed at the time of his change of plea." (*Id.* at 2–3). The Court disagrees.

Turner's Motion for New Trial under Federal Rule of Criminal Procedure 33 fails because he never had a trial to begin with—he pleaded guilty. "By its express terms, Rule 33 is confined to those situations in which a trial has been had. A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgment that he committed the offense." *United States v. Graciani*, 61 F.3d 70, 78 (5th Cir. 1995); *see also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999); *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979).

Moreover, "[a]fer the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed R. Crim. P. 11. Turner already unsuccessfully appealed the sentence, and the Seventh Circuit noted that Turner did "not wish to challenge or withdraw his guilty plea." (Order, 1, ECF No. 57-1). And if Turner were to assert this supposed Fourth Amendment claim on collateral attack, then the Court would note that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). For these reasons, the Court **DENIES** Turner's Motion for Return of Property.

## IV.     CONCLUSION

The Court **DENIES** Defendant Robert T. Turner's Motion for a New Trial and Motion for Return of Property.

**IT IS SO ORDERED.**

**Dated: Monday, January 25, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
