IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-cr-40035-JPG-1 |
| ROBERT T. TURNER, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Robert T. Turner's *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Docs. 73 & 76). Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 80). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 82). The defendant has responded to counsel's motion raising arguments outside the scope of the retroactive application of Amendment 821 (Doc. 83).

The defendant pled guilty to two counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 12,398.92 kilograms of marihuana equivalent (now called "combined drug weight"). 2d Rev. PSR ¶ 15. Under U.S.S.G.[1] § 2D1.1, this yielded a base offense level of 34. However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1 his offense level became 37. That

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2016 version.

offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes. This established a total offense level of 34.

The defendant's criminal history category, established by both his career offender status and his 20 criminal history points, was VI. *See* 2d Rev. PSR ¶¶ 44-47. Two of his criminal history points were assessed because he was under a criminal sentence when he committed the offenses of conviction ("status points"). *See* 2d Rev. PSR ¶ 45. This yielded a guideline sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 264 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. In fact, the defendant asks the Court to do a lot more than that. He first claims his prior convictions were not assessed the proper number of criminal history points. However, in implementing a retroactive guideline amendment, the Court may not reexamine prior guideline findings other than those affected by that amendment. To do so would be inconsistent with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(b)(1), which says, "[T]he court shall substitute *only* [the retroactive guideline change] for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" (emphasis added).

And in 28 U.S.C. § 3582(c)(2), Congress requires compliance with Sentencing Commission policy statements as a condition of granting a reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Reexamining the criminal history points assessed against Turner under U.S.S.G. § 4A1.1—other than the subsection addressing status points, the provision Amendment 821 changed—would run afoul of U.S.S.G. § 1B1.10(b)(1), so the Court cannot do it. *See United States v. Guerrero,* 946 F.3d 983, 989 (7th Cir. 2020) ("[T]he district court may *not* reevaluate decisions made at the time of the original sentencing to apply other, unrelated

guideline adjustments." (emphasis in original).

Turner also asks the Court to reconsider whether a prior conviction for possession of methamphetamine can be used to support the enhanced sentencing range for recidivism in 28 U.S.C. § 841(b)(1)(C)—from no more than 20 years to no more than 30 years. This challenge must be brought, if at all, on direct appeal or under 28 U.S.C. § 2255, the proper vehicle for challenges to a sentence in excess of the maximum authorized by law. It is not cognizable in a proceeding under 28 U.S.C. § 3582(c)(2).

Now back to Amendment 821. Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants like Turner who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

3

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  It is true that Part A of Amendment 821 reduced the defendant's criminal history points from 20 to 19, but he still falls within criminal history VI.  Anything over 12 criminal history points results in a criminal history category of VI.  See Sentencing Table, U.S.S.G. Ch. 5 Pt. A.  Additionally, the defendant's career offender status results in a criminal history category of VI regardless of his criminal history point total.  See U.S.S.G. § 4B1.1(b).  Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 80) and **DENIES** Turner's *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Docs. 73 & 76).  CJA Panel Attorney Calen Campanella is **TERMINATED** as counsel in this case with the Court's sincere thanks for providing *pro bono* representation to the defendant.

**IT IS SO ORDERED.**
**DATED:   June 4, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**